**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **MAIN HASTINGS, LLC,** | |
| **Plaintiff,** | |
| v. | **Case No. 2:10-cv-481** |
| **TARGET CORPORATION; TARGET BRANDS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.      Main Hastings, LLC for its Complaint against Defendants Target Corporation ("Target Corp.") and Target Brands, Inc., ("Target Brands"), alleges, based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

**THE PARTIES**

2.      Main Hastings, LLC (hereinafter "Plaintiff") is a Texas limited liability company.

3.      Plaintiff, as to the false marking claim, represents the United States and the public, including Defendants' existing and future competitors.

4.      On information and belief, Defendant Target Corp. is a Minnesota corporation, with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.  Defendant Target Corp.'s registered agent in Texas is C T Corporation Systems, 350 N. Paul St. Ste. 2900, Dallas, TX 75201.

5.      On information and belief, Defendant Target Brands is a Minnesota corporation, with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403, and is a subsidiary of Defendant Target Corp.  Defendant Target Brands may be served at its registered office at 1000 Nicollet Mall, Minneapolis, MN 55403.

6.      Defendants regularly conduct and transact business in Texas, throughout the United States, and within the Eastern District of Texas, themselves and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

7.      The federal claim pleaded herein arises under 35 U.S.C. §292(b).

8.      Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendants' products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as described above.

10.     Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## BACKGROUND

11.     This is an action for false patent marking under Title 35, Section 292, of the United States Code related to the Target brand "Home" floor lamp branded and distributed by Defendants.

12.     The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

13.     Defendants have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising U.S. Patent No. 6,203,178 which has expired, thus violating 35 U.S.C. § 292(a) by marking upon unpatented articles with the purpose of deceiving the public.  More specifically, Defendants, with the purpose of deceiving the public, make, sell,

and/or advertise or have made, sold and/or advertised at least the following products with a patent number that has expired: the Target brand "Home" floor lamp (collectively referred to as "the products")(See Exhibit 1, attached hereto).

14.     Defendants used packaging and/or advertising in connection with unpatented products that bear the word "patent" and/or any word or number importing that the product is patented.

15.     The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.  Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

16.     False patent marking is a serious problem.  Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market.  False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.  False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.  Failure to take on the costs of a

reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.  False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

17.     The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

18.     Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

19.     Defendants did not have, and could not have had, a reasonable belief that their products were properly marked.

20.     Defendants are large, sophisticated companies.

21.     Defendants have, or regularly retain, legal counsel.

22.     Defendants have experience applying for patents, obtaining patents, licensing patents and/or litigating in patent-related lawsuits.

23.     Defendants know that a patent expires and that an expired patent cannot protect any product.

24.     Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

25.    Defendant's false marking of the products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

26.    Defendants have wrongfully and illegally advertised patent monopolies which they do not possess and, as a result, have benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

27.    Defendants marked, affixed, and/or used in advertising at least the products identified herein with the following expired patent: United States Patent No. 6,203,178 ("the '178 Patent"). A copy of the '178 Patent is attached as Exhibit 2.

28.    The '178 Patent, titled "Lighting Apparatus," was issued by the United States Patent and Trademark Office on March 20, 2001, and expired on September 4, 2007 due to it being surrendered in order to receive issuance of United States Patent No. RE39,810 (See Exhibit 3).

29.    Any product or method once covered by the claims of the '178 Patent are no longer protected by the patent laws of the United States.  When the patent expired, its formerly protected property entered the public domain.  When a patent expires, all monopoly rights in the patent terminate irrevocably and, therefore, a product marked with an expired patent is not "patented" by such expired patent.

30.    Defendants knew that the '178 Patent expired on September 4, 2007 due to it being surrendered in order to receive issuance of U.S. Patent No. RE39,810.

31.    Despite the fact that the claims of the patent is no longer afforded patent protection, Defendants marked, affixed to, and/or used in advertising at least their Target brand "Home" floor lamps the '178 Patent following its expiration date.

32.    Because all monopoly rights in the '178 Patent have terminated, Defendants cannot have any reasonable belief that the products are patented or covered by this patent is protected.

33.     Defendants intended to deceive the public by marking, affixing to, and/or using in advertising the products with the said patent.  The intentionally false and deceptive use in marking includes and is evidenced by the printed packaging of said products (Exhibit 1), which contains the expired '178 Patent plainly listed along with a 2009 copyright notice date, which is after the expiration of the '178 Patent.  Moreover, despite the easily modifiable packaging as evidenced by the "7/2010" sticker affixed to the packaging, Defendants nevertheless knowingly continue to mark the products with the expired '178 Patent with intent to deceive the public and mislead the public into believing that the products are protected by the '178 Patent.

34.     Defendants knew that the products were not covered by the patent when they were marked and/or used in advertising.

35.     Therefore, Defendants intentionally deceived the public by labeling and/or using in advertising the products with the said patent.

## COUNT I
## (False Marking with Expired Patents)

36.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.     Defendants falsely marked, affixed to, and/or used in advertising the products with the '178 Patent, which has expired.

38.     Defendants knew or reasonably should have known that marking, affixing to, and/or using in advertising the products with the said patent was in violation of 35 U.S.C. § 292, which only authorized marking on "patented" article.

39.     Defendants intended to deceive the public by marking the products with the said patent and/or using said patent in advertising materials available to the general public.

## DAMAGES

40.     Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35

U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## JURY DEMAND

41.     Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

42.     Plaintiff requests that the Court, pursuant to 35 U.S.C. § 292:

43.     Enter judgment against Defendants and in favor of Plaintiff for the violations alleged in this Complaint;

44.     Order Defendants to pay a civil monetary fine of $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff;

45.     Enter a judgment and order requiring Defendants to pay Plaintiff's prejudgment and post-judgment interest on the damages awarded;

46.     Order Defendants to pay Plaintiff's costs and attorney fees; and

47.     Grant Plaintiff such other and further relief as it may deem just and equitable.

Respectfully Submitted,

_____

Scott E. Stevens
Texas State Bar No. 00792024
Gregory P. Love
Texas State Bar No. 24013060
Kyle J. Nelson
Texas State Bar No. 24056031
Stevens Love
P.O. Box 3427
Longview, Texas  75606
Telephone: 903-753-6760
Facsimile: 903-753-6761
scott@stevenslove.com
greg@stevenslove.com
kyle@stevenslove.com

7

**ATTORNEYS FOR PLAINTIFF**
**MAIN HASTINGS, LLC**